OPINION OF THE COURT.
This is a writ of error, to Warren Superior Court. The errors assigned are, 1st. that judgment was-rendered against P. C. Hicks in his life time, and after his death, execution issued against his administrator, without any revival by scire facias. 2nd. That the execution issued more than a year and a day after the rendition of the judgment.
There can be no doubt but that the-exeeution issued wrongfully, the enquiry, however, is, can this be taken advantage of by writ of error or is not the court from which the execution issued the appropriate tribunal to correct the error. The present writ only lies to correct the errors of a judgment of some inferior court, not the irregularities of the clerk or other officers. This is the peculiar province of the inferior court itself. ,.It has even been doubted, where a motion has been made to the court be- *67 fow to quash an execution for irregularity, and the motion has been refused, and á bill of exceptions taken to the opinion of the court, whether a writ of error lies. On that question, the judges of the Supreme Court of the United States, were divided in opinion in the case of Mountz and others vs. Hodgson and Thompson—4 Cranch 324. But when there has ¡been no adjudication whatever by the court below, as to the irregularity of the execution, there can be no doubt, but that it then cannot be taken advantage of on error. It has been so determined in a case in 3d Johns 14Q, 141, and also in Johnson vs. Harvey—4 Mass. Rep. 5.
The only cases in which a writ of error will lie to correct an irregularity in issuing an execution, are where the writ is awarded by the judgment of the court, as on a scire facias to revive against executors or administrators, against bail, or after a year and a day lias elapsed, and the like cases. But when the execution is improperly issued by the act of clerk, without the award of the court, it can then only be corrected, on motion to the court out of which the execution issues, or by writ of audita querela. Let the judgment be affirmed.